78 F.3d 579
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl SIMMONS, Plaintiff--Appellant,
v.
COASTAL CONTRACTORS, INCORPORATED, Defendant--Appellee.
 No. 95-2655.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1996.
Decided March 5, 1996.
 
 Appeal from the United States District Court for the District of South Carolina, at Beaufort. Dennis W. Shedd, District Judge. (CA-94-2486-9-19)
 Earl Simmons, Appellant Pro Se. Paul Hugh Infinger, DUKES, WILLIAMS, INFINGER & MEEKS, P.A., Beaufort, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order granting summary judgment for the Defendant on his Title VII claim alleging racial discrimination. Specifically, Appellant alleged that his supervisor called him "Shiny," and questioned his ability to perform construction work. Appellant conceded that he had never heard the word "Shiny" used to mean any kind of insult, but assumed that it was a racial slur. He therefore felt compelled to quit. We find that the facts of this case are insufficient to create an abusive work environment or make conditions so intolerable that a reasonable person would feel compelled to resign. Accordingly we find that Appellant is unable to prevail on either a hostile racial work environment or constructive discharge claim. See Meritor Sav. Bank, F.S.B. v. Vinson, 477 U.S. 57, 67 (1986) (providing standard for hostile sexual work environment claim); see also Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1132 (4th Cir.1995) (providing standard for constructive discharge claim). We therefore affirm the district court's grant of summary judgment for the Defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.